IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES UPTHEGROVE,

                                                                            ORDER

                    Plaintiff,

                                                          07-cv-00596

     v.

HEALTH PROFESSIONALS, LTD.,
And STACY ROSE, R.N.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief brought under 42 U.S.C. § 1983. Plaintiff James Upthegrove, a Wisconsin state inmate who suffers from severe mental illness, contends that defendants violated his Eighth Amendment rights by deliberately disregarding his diagnosed mental health needs. Jurisdiction is present pursuant to 28 U.S.C. § 1331.

      Now before the court is defendants's motion for summary judgment in which they contend that they were not deliberately indifferent toward plaintiff's mental health care, and that defendant Health Professionals, Ltd., did not direct, know or consent to any violations of plaintiff's constitutional rights. In addition, defendants argue that summary judgment is proper because they are entitled to qualified immunity and because plaintiff has failed to

1

exhaust his administrative remedies. At this point, I will stay the decision on defendant's motion because both parties have failed to adequately address the time period and claims at issue in this case.

In an order dated December 26, 2007 (Dkt. #9), I granted plaintiff leave to proceed on two claims: 1) for a week beginning September 17, 2007, respondent Rose was deliberately indifferent to plaintiff's complaints that he was experiencing severe withdrawal symptoms as a result of having been denied his psychiatric medication; and 2) from mid-September until at least mid-October, 2007, when plaintiff filed his complaint in this court, defendant Health Professionals, Ltd. refused to provide plaintiff with his prescribed psychiatric medications, pursuant to a policy.

Despite these discrete claims, defendants' motion for summary judgment is supported by a litany of proposed facts that have nothing to do with this case. In particular, defendants propose numerous facts relating to plaintiff's stay at the jail between March 14, 2007 and May 18, 2007; his visits to hospitals and clinics after his release from the jail; his time at the jail between June 5, 2007 and June 11, 2007; what he was doing during his period of release from June 11 to September 17, 2007; his requests for treatment for a herniated disc and back pain beginning in late October 2007; incidents occurring after plaintiff was transferred from the jail to the Dodge Correctional Institution in December 2008, and matters that occurred after plaintiff's release from the Dodge Correctional

2

Institution. The few facts defendants do propose with respect to the precise time period at issue in this lawsuit are insufficient to shed significant light on what medication plaintiff was supposed to have been taking when he arrived at the jail, whether Health Professionals has a policy concerning the dispensing of medications and, if so, what it is. Apparently confused by defendants' onslaught of immaterial factual propositions, plaintiff turned his efforts to responding to defendants' factual propositions and missed putting in crucial facts relating to his claims.

I recognize that ordinarily, it is the plaintiff's burden on the defendants' motion for summary judgment to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Here, however, where plaintiff has alleged he suffers from serious mental health issues, it is not in the interests of justice to determine the merits of this case on summary judgment at this time. Instead, I conclude that the difficulty of the case has exceeded plaintiff's ability to prosecute it and that appointment of counsel is necessary. See Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). Therefore, I will stay the proceedings in that case until I can locate counsel willing to represent plaintiff.

Plaintiff should be aware that once I have appointed counsel to represent him, he may not communicate directly with the court about any matter pertaining to his cases. Moreover, he should know that his lawyer will be expected to file an amended brief and

3

proposed findings of fact in opposition to defendant's motion for summary judgment, after the lawyer has had an opportunity to assess plaintiff's claims. Plaintiff will be required to work directly with his lawyer and permit the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. If at any point plaintiff demonstrates that he is unwilling to accept these conditions, he may be required to resume prosecution of this suit on his own.

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment on plaintiff's claim that defendants Rose and Health Professionals were deliberately indifferent to his serious mental health needs in violation of his rights under the Eighth Amendment is DENIED.

2. As soon as counsel has been located who will accept appointment in this case, plaintiff will be notified promptly and a status conference will be scheduled so that the parties can discuss the best and shortest track for moving this case to resolution.

Entered this 24th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5