IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES UPTHEGROVE,

                              OPINION and ORDER
            Plaintiff,

                              07-cv-0596-bbc
      v.

HEALTH PROFESSIONALS, LTD.; and
STACY ROSE,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief brought under 42 U.S.C. § 1983.  Plaintiff

James Upthegrove, a Wisconsin state inmate who suffers from severe mental illness,

contends that defendants violated his Eighth Amendment rights by deliberately disregarding

his diagnosed mental health needs.

      On December 26, 2007, I granted plaintiff leave to proceed in forma pauperis against

defendants Health Professionals, Ltd. and Stacy Rose on two claims that these defendants

had been deliberately indifferent to plaintiff's need for psychiatric treatment while he was

housed at the Eau Claire County jail between September 2007 and October 2007.  Dkt. #9.

 On June 26, 2008, defendants filed a motion for summary judgment.  Dkt. #25.  On

1

September 25, 2008, I denied the motion because the parties failed to propose findings of fact relevant to the claim on which this court had granted plaintiff leave to proceed.  Dkt. #47.  In addition, I ordered that counsel be appointed to assist plaintiff because it was apparent that the difficulty of this case had exceeded plaintiff's ability to prosecute it.  Id. After counsel was appointed on September 30, 2008, the deadlines in this case were reset, including the deadline for plaintiff to submit an amended complaint.

As required by this court's order on October 17, 2008, plaintiff has submitted an amended complaint in which he (1) reasserts his Eighth Amendment claim of deliberate indifference against Health Professionals, Ltd.;  (2) alleges that a Dr. Stephen Cullinan violated his Eighth Amendment rights by failing to provide him with adequate mental health care; and (3) no longer names Stacy Rose as a defendant in this lawsuit.  Defendant Cullinan was named as a party to this lawsuit in plaintiff's original complaint but plaintiff was denied leave to proceed on his Eight Amendment claim against Cullinan at that time because the complaint failed to allege that Cullinan had any personal involvement in the alleged constitutional violation.

Under the Federal Rules of Civil Procedure, a party is required to file a motion requesting leave of court to file an amended complaint once "a responsive pleading is served;" otherwise, amendment is permissible "only by leave of court."  Fed. R. Civ. P. 15(a)(1)-(2).  In this case, an answer to plaintiff's original complaint was served on January

2

16, 2008, Dfts.' Ans., dkt. #12, and therefore, plaintiff was required to seek leave of court to file an amended complaint. To speed things along, I will construe plaintiff's amended complaint to include a motion for leave to file an amended complaint.

Under the Prison Litigation Reform Act, I am required to screen the proposed amended complaint, just as I screened plaintiff's initial complaint. 28 U.S.C. § 1915A. Assuming the proposed amended complaint passes muster under § 1915A, leave to amend is to be granted freely when justice so requires. Fed. R. Civ. P. 15(a)(2). In performing that screening, I conclude that plaintiff has stated an Eighth Amendment claim that defendants Health Professionals, Ltd. and Stephen Cullinan were deliberately indifferent to his serious mental health needs.

In addition, because plaintiff's amended complaint no longer names Stacy Rose as a party to this lawsuit, I will construe the amended complaint as a notice for voluntary dismissal of plaintiff's Eighth Amendment claim against defendant Rose, pursuant to Fed. R. Civ. P. 41(a)(2).

Because plaintiff's allegations of fact regarding defendant Health Professionals Ltd. have not changed in the amended complaint, I need not address those allegations again. Plaintiff will be allowed to proceed on his claim in the amended complaint against defendant Health Professionals, Ltd. for the same reason he was allowed to proceed against this defendant with his original complaint. The following are new allegations of fact with respect

3

to defendant Cullinan.

ALLEGATIONS OF FACT

A. <u>Parties</u>

Plaintiff James Upthegrove is an adult who has been incarcerated intermittently at the Eau Claire County jail during the period relevant to this case.  Plaintiff has a long history of mental illness and has been diagnosed with depression and anxiety.

At all times relevant to this case, defendant Stephen Cullinan was employed by defendant Health Professionals, Ltd. as a physician and the Medical Director at the Eau Claire County jail.  Under a contract with Eau Claire County, Health Professionals, Ltd., a private entity, provided medical care to inmates at the jail.  Defendant Cullinan's duties and responsibilities included treating inmates for their medical and mental health needs and determining prescriptive practices for the jail.

B. <u>Dr. Cullinan's Treatment at Eau Claire County Jail</u>

On March 14, 2007, plaintiff was placed in the Eau Claire County jail.  At the time, he was under two court orders issued by Eau Claire Circuit Court Judge Lisa Stark to take medications as prescribed by his psychiatrist or psychologist.  Plaintiff was taking medications for anxiety and depression prescribed by his psychiatrist Dr. James Rugowski.

4

One of the medications was a benzodiazepine called clonazepam, also known as Klonopin.

On March 14, 2007, plaintiff informed Stacy Rose, who was employed as a nurse at the jail, that he had a court order to take clonazepan.  Under Health Professionals Ltd. policy, inmates are not allowed to receive benzodiazepines, including clonazepam.  Ms. Rose informed plaintiff of Health Professionals Ltd.'s policy and told him he would not be receiving benzodiazepines while he was at the jail.

On April 20, 2007, plaintiff's mother brought him clonazepam from Omne Clinic. Nurse practitioner Carol Stork signed an authorization allowing plaintiff to begin taking clonazepam once daily.  Because Dr. Rugowski had prescribed plaintiff clonazepam twice daily, plaintiff wrote on April 23, 2007 to Health Professionals Ltd. staff to request an increase in dosage.  On April 26, 2007, Rose called defendant Cullinan regarding plaintiff's clonazepam dosage.  Defendant Cullinan ordered Rose to discontinue plaintiff's clonazepam, which she did.  Defendant Cullinan did not talk to plaintiff, examine him or make clinical contact with him before discontinuing the clonazepam.  Defendant Cullinan did not review plaintiff's medical records or mental health history before discontinuing the clonazepam.

On May 18, 2007, plaintiff was released from the Eau Claire County jail.  On May 24, 2007, plaintiff went to the emergency room at Luther Hospital in Eau Claire.  Plaintiff told medical staff that "he wishe[d] he could take a gun and shoot himself" and that he felt he should be "admitted from a behavioral health standpoint." The doctor diagnosed plaintiff

5

with "[d]epression with suicidal ideation" and "[a]nxiety."

On June 27, 2007, plaintiff was seen by psychiatrist Dr. Linda Kollross at the Marshfield Clinic in Eau Claire. Dr. Kollross diagnosed plaintiff with panic disorder with agoraphobia. At this appointment, Dr. Kollross prescribed plaintiff clonazepam.

DISCUSSION

A. Eight Amendment Claim Against Defendant Cullinan

To prevail ultimately on a claim under the Eighth Amendment, a prisoner must prove that the defendant engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This standard contains objective and subjective components. First, an inmate's medical need must be objectively serious. A condition meets this standard if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Mental illness can qualify as a serious medical need. Sanville v. McCaughtry, 266 F.3d 724, 734 (7th Cir. 2001).

Plaintiff alleges that he has a long history of mental illness. Because of his mental condition, plaintiff was under court order to take medications prescribed by his psychiatrist, Dr. Rugowski. At the time he was placed under Health Professionals Ltd.'s care, plaintiff

6

had been prescribed clonazepam for his mental health condition. A week after being released from Eau Claire county jail, plaintiff was hospitalized because of suicidal thoughts and given a diagnosis of depression with suicidal ideation and anxiety. Two months after his release from the jail, plaintiff was diagnosed as having panic disorder with agoraphobia and again prescribed clonazepam by psychiatrist Dr. Linda Kollross. Plaintiff's allegations are sufficient to suggest that his mental condition is objectively serious.

The subjective element of a denial of medical care claim requires that the prison official act with a sufficiently culpable state of mind. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). The official "must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and 'must also draw the inference.'" Greeno, 414 F.3d at 653. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Inadvertent error, negligence, gross negligence and medical malpractice are insufficient grounds for invoking the Eighth Amendment. Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996).

Deliberate indifference in the denial or delay of medical and mental health care can be shown by a defendant's actual intent or reckless disregard. Reckless disregard is highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). The question is whether the denial of medical treatment is "so blatantly inappropriate as

7

to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition," Snipes, 95 F. 3d at 592, giving rise to a claim of deliberate indifference.

With respect to defendant Cullinan, plaintiff alleges that Cullinan denied him medications that he had been prescribed by his treating physician and in accordance with two court orders. Cullinan denied these prescriptions without ever meeting with plaintiff, consulting with him or reviewing his mental health records. Further, in his duties as Medical Director at the jail, he is charged with deciding what prescriptions will be allowed at the jail. Therefore, it can be inferred that defendant Cullinan had the authority to continue plaintiff on clonazepam if he saw fit. At this stage, defendant Cullinan's decision to discontinue plaintiff's medication without consulting plaintiff or his mental health history is sufficient to suggest reckless disregard for his serious mental health needs. Thus, plaintiff's allegations are sufficient to state a claim against defendant Cullinan for a violation of his rights under the Eighth Amendment.


B. Motion for Voluntary Dismissal

Voluntary dismissal under Rule 41(a)(2) is to be granted "on terms that the court considers proper." For example, the court may require that dismissal be with prejudice or condition the dismissal on plaintiff's payment of costs and attorney fees. Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985). Generally, the court should allow the plaintiff an

8

opportunity to withdraw a motion for voluntary dismissal if the court decides that dismissal must be with prejudice.  Marlow v. Winston & Strawn, 19 F.3d 300, 305 (7th Cir. 1994). However, in Babcock v. McDaniel, 148 F.3d 797, 799-800 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit held that in certain cases the court may voluntarily dismiss a case with prejudice without offering plaintiff an opportunity to withdraw his motion for voluntary dismissal.  In Babcock, plaintiff sent a letter to the court seeking voluntary dismissal without prejudice and relief from paying defendant's costs of defending the case. Id.., at 799.  Because granting both forms of "relief would have been a boon for [plaintiff because he] would have been relieved from paying the defendant's costs and yet still able to renew his suit against the defendant in the future," the district court determined that it would be "more plausible to interpret the letter as the typical request for voluntary dismissal (with prejudice) in exchange for forgiveness of costs."  Id.

In this case, I conclude that dismissal under Rule 41(a)(2) should be with prejudice because plaintiff's decision to dismiss is intentional.  To allow dismissal without prejudice and without payment of costs would be inequitable.  In his amended complaint, plaintiff recites the same factual allegations regarding defendant Rose as he did in his original complaint, in which he was granted leave to proceed against Rose for his Eighth Amendment claim.  Plaintiff's amended complaint no longer identifies defendant Rose in the caption, as a party to this suit or as a defendant in the allegations of fact.  Because plaintiff is now

9

represented by counsel, I assume the choice to eliminate his claim against Rose is based on a strategic decision that plaintiff cannot sustain his claim against defendant Rose. Therefore, I conclude that plaintiff's decision to dismiss defendant Rose is intentional.

Further, I find that dismissal with prejudice is proper because the motion for dismissal of plaintiff's claim against defendant Rose comes more than one year after plaintiff's original complaint was filed. It would be unjust to allow plaintiff to dismiss his claim against defendant Rose without prejudice, leaving him free to renew them at a later time. Plaintiff cannot expect to subject defendant Rose to a year of litigation and walk away with no consequences. Thus, I will grant plaintiff's request for voluntary dismissal on the condition that the dismissal is with prejudice. This means that plaintiff will be precluded from refiling his claim against defendant Rose on the basis of the facts alleged in his original or amended complaint.

## C. Service of Amended Complaint

Ordinarily, upon granting plaintiff leave to file an amended complaint, this court would order plaintiff to serve any new defendants with the amended complaint and allow the existing defendants an opportunity either to file an answer to the amended complaint or to tell the court that they intended to stand on their answer to the original complaint. In this case, such an order is unnecessary because plaintiff has already served defendant

10

Stephen Cullinan, dkt. #53, and defendants Health Professionals, Ltd. and Stephen Cullinan have filed a joint answer to plaintiff's amended complaint. Dkt. #54.  Thus, the case will proceed to resolution in accordance with the schedule set up by Magistrate Judge Stephen Crocker in his October 17, 2008 pretrial conference order.

ORDER

IT IS ORDERED that:

1.  Plaintiff James Upthegrove's motion to amend his complaint is GRANTED.  The amended complaint will be the operative pleading.  In future orders and documents filed with the court, the parties should amend the caption to reflect the change in defendants from Stacy Rose to  Stephen Cullinan.

11

2. Plaintiff's Eighth Amendment claim for deliberate indifference to his serious mental health needs against defendant Stacy Rose is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Entered this 21st day of January, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

12